GEORGE SCHENCK, Respondent. *v.* GEORGE BENGLER *et al*, Appellants.

*Court of Appeals, March* 25, 1887.

1. *Appeal. Default. Reinstatement.*—A default, which has been regularly taken in the court of appeals, will not be opened and the case reinstated, where the return, upon which the case would have to be argued, does not contain an exception worthy of a moment's consideration.

2. *Same.*—the question as to the verdict being excessive cannot be reviewed in the court of appeals.

Motion to open a default and restore an appeal.

The affidavit of appellant's attorney is as follows:

"Isaac Kugelman, being duly sworn, says that he is the attorney for the defendants and appellants herein; that this appeal was taken in good faith, but, through the sickness of his child and pressure of professional engagements, he neglected to serve the printed case within the forty days. Deponent further says that he has never received any notice whatever to serve the case, as required by rule 7 of this court before the appeal can be dismissed; that no previous application has been made to vacate the default herein; that deponent is ready to serve said case within forty-eight hours after the default is opened."

The following affidavit was interposed by respondent in opposition to the granting of said motion: " Matthew Marx, of said county, being duly sworn, says that he is the attorney for the respondent in the above-entitled action, and that Isaac Kugelman is the attorney for the appellants; and upon information and belief, and circumstances hereinafter alleged, states that the appeal was not taken in good faith, as the attorney for the appellants has brought this appeal without the knowledge and consent of the parties named as appellants, they having informed the sheriff of Queens county, who went to them to enforce the judgment and collect the execution, that they did not know of the existence of this

appeal, and had been deceived by their said attorney, and did not desire to appeal. Deponent further says that on the 6th day of January, 1887, the appeal herein was perfected, and that the twenty days having elapsed on the 26th day of January, 1887, and no return was filed by the appellants as by the rule of this court required herein, and that on the 29th day of January, 1887, deponent served the notice required by rule 2 of this court, by handing the same to Isaac Kugelman, Esq., the attorney for the appellants, personally and leaving it with him in the court-house of Kings county, in the city of Brooklyn, requiring him to file the return within ten days thereafter, and that in failing thereof deponent would cause an order to be entered with the clerk of this court dismissing the appeal; and the ten days having also elapsed, and no return having been filed, deponent caused the order of dismissing the appeal to be entered five days after the lapse of the twenty days. Deponent further states that, at the time the forty days had elapsed, in which time the appellants' attorneys were required to serve their printed case, the motion to dismiss the appeal had been filed with the clerk of this court, and on the 17th day of February, 1887, the appeal has been dismissed, and the case was out of the court, and no movement has been made by the appellants' attorney to make and serve a printed case. Deponent further says that the motion to open default by the appellants' attorney had not been made upon this dismissal of the appeal, but on the failure to serve his printed case within forty days, and the said motion, having been irregularly made, should be denied, with costs and disbursements necessarily created on part of the respondent in opposing this matter."

*Isaac Kugelman*, for motion.

*Matthew Marx*, opposed.

PER CURIAM—The default herein was regularly taken, and the counsel for defendants asks to have it opened and

the case restored. We have looked into the return upon which the case would have to be argued in this court. It is very brief, and not an exception in it worthy of a moment's consideration. The question as to the verdict being excessive cannot be reviewed here. Under these circumstances, the motion to open the default should be denied, with ten dollars costs.

All concur.